```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

GRANT W. LEISE,

       Plaintiff,

v.                              Case No. 8:23-cv-2281-VMC-AEP

WALMART INC. (STORE #968),

       Defendant.
_____/

**ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

**Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff initiated this Florida Civil Rights Act ("FCRA") case in state court on September 1, 2023. (Doc. # 1-1). Thereafter, on October 6, 2023, Defendant removed the

1

case to this Court on the basis of diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The complaint does not state a specified claim to damages. See (Doc. # 1-1 at 3) ("This is an action for damages which exceed thirty thousand dollars ($30,000)."). Instead, in its notice of removal, Defendant relied upon its calculation of Plaintiff's back pay up to the time of trial, twelve months' front pay, compensatory damages, punitive damages, and attorney's fees through trial. (Doc. # 1 at 4-7).

Upon review of the notice of removal, the Court was not persuaded that the amount in controversy has been satisfied. (Doc. # 5). Specifically, the Court wrote in relevant part:

> Here, the Court is not convinced that the amount in controversy requirement has been met. To establish that the amount in controversy exceeds $75,000, Defendant relies on Plaintiff's back pay up to the time of trial, 12 months' front pay, compensatory damages, punitive damages, and attorney's fees through trial. However, the Court may only include Plaintiff's attorney's fees up to the date of removal, and Defendant does not even attempt to speculate as to the attorney's fees incurred up to removal. For this reason, the Court will not consider the attorney's fees up to removal in its amount in controversy calculation. Additionally, "the Court believes that back pay should be calculated only to the date of removal. The reason for this is simple: the amount in controversy needs to be determined at the time the case is removed." Bragg v. Suntrust Bank, No. 8:16-cv-139-VMC-TBM, 2016 WL 836692, at *2 (M.D. Fla. Mar. 4, 2016). Thus, only Plaintiff's back pay up to removal — $21,440 ($536 per week x 40 weeks) — is included in the Court's amount in controversy calculation, which falls far short of $75,000. Next, the Court considers the front pay and compensatory damages calculations too speculative to include in its amount in controversy calculation. See Brown v. Am. Express Co., No. 09-61758-CIV, 2010 WL 527756, at *5 (S.D. Fla. Feb. 10, 2010) (removing defendant suggested that one year of the plaintiff's base salary — $30,010.00 – was reasonable to include in the amount in controversy analysis, but the court found that to "include this figure in calculating the amount in controversy would require this Court to 'engage in impermissible speculation'"); Mathew v. S & B Eng'rs and Constr., Ltd., No. 8:08-cv-1801-VMC-TGW, 2009 WL 249931 (M.D. Fla. Jan. 30, 2009) (holding that plaintiff's claim for unspecified compensatory damages, her back pay damages of approximately $66,000, and evidence of

3

> her failure to stipulate regarding the jurisdictional amount were insufficient to establish the jurisdictional amount). Finally, while the Court may consider punitive damages in determining the amount in controversy, the fact that Plaintiff has arguably requested punitive damages and a maximum of $100,000 in punitive damages is available under the statute does not establish that $100,000 in punitive damages should be added to the calculation here. If it did, "every Florida Civil Rights Act case filed in state court containing a request for punitive damages would automatically meet the jurisdictional minimum for removal to federal court. That result would be untenable." Boyd v. N. Tr. Co., No. 8:15-cv-2928-VMC-TBM, 2016 WL 640529, at *4 (M.D. Fla. Feb. 18, 2016). And it would be rank speculation for the Court to add an amount of punitive damages to the amount in controversy calculation as no evidence of the actual punitive damages at issue in this case has been provided. In short, Defendant has only proven by a preponderance of the evidence that the amount is controversy in this case is approximately $21,440.

(Id.). The Court gave Defendant an opportunity to provide additional information to establish the amount in controversy.

Defendant has now responded to the Court's Order in an attempt to establish this Court's diversity jurisdiction. (Doc. # 12). But Defendant has not even attempted to provide the Court with any additional evidence to support that the amount in controversy exceeds $75,000. Rather, Defendant merely bickers with the Court's earlier Order and reiterates

its own amount-in-controversy calculation from the notice of removal. (Id.).

The Court is unpersuaded. Again, there is no evidence of the attorney's fees incurred by Plaintiff pre-removal, and these are the only attorney's fees the Court considers. See Miller Chiropractic & Med. Centers, Inc. v. Progressive Select Ins. Co., No. 8:16-cv-3034-VMC-MAP, 2016 WL 6518782, at *2 (M.D. Fla. Nov. 3, 2016) ("For jurisdictional purposes, the attorney's fees included in the amount-in-controversy calculation are set as of the date of removal."); Unwin v. Hartford Ins. Co. of the Midwest, No. 2:21-cv-135-SPC-NPM, 2021 WL 1821415, at *2 (M.D. Fla. Apr. 9, 2021) ("The Court will follow the approach adopted by many other courts in this District and include those [attorney's] fees likely accrued at the time of removal.").

And the Court reiterates its earlier ruling that back pay up to the time of removal is all that is relevant. See Avery v. Wawa, Inc., No. 8:18-cv-403-VMC-TGW, 2018 WL 1008443, at *3 (M.D. Fla. Feb. 22, 2018) ("[T]his Court has repeatedly held that 'the amount in controversy is determined at the time of removal and thus does not include post-removal back pay.'" (citation omitted)). Here, that amount is less than $22,000. (Doc. # 5). The front pay and compensatory

damages calculations remain too speculative to include in its amount in controversy calculation. See Avery, 2018 WL 1008443, at *3 ("Speculation regarding front pay cannot be used to supplement insufficient back pay for the purpose of meeting the jurisdictional requirement.").

Finally, it is inappropriate to include the statutory maximum $100,000 in punitive damages in the amount-in-controversy calculation because, following Defendant's proposed approach, "every Florida Civil Rights Act case filed in state court containing a request for punitive damages would automatically meet the jurisdictional minimum for removal to federal court." Boyd v. N. Tr. Co., No. 8:15-cv-2928-VMC-TBM, 2016 WL 640529, at *4 (M.D. Fla. Feb. 18, 2016). Inclusion of punitive damages in the amount in controversy is doubly inappropriate here where, as Defendant acknowledges, the complaint does not include an explicit request for punitive damages. Rather, at most, Plaintiff demands "other economic losses proximately caused and allowable under the FCRA." (Doc. # 1-1 at 6).

In short, Defendant has not carried its burden of establishing this Court's diversity jurisdiction by a preponderance of the evidence. The Court, finding that it

6

lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida, because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of October, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE